IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **KEVIN BOLDEN** | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CAUSE NO. 5: 19-CV-135** |
| | § | |
| **TRANSPORTES DE CARGA FEMA SA DE CV** | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES KEVIN BOLDEN**, hereinafter called Plaintiff, complaining of and about **TRANSPORTES DE CARGA FEMA SA DE CV**, Defendant, showing the Honorable Court as follows:

### JURISDICTION

1.  This Court has jurisdiction over this action pursuant to U.S.C. §1332(a)(2). The amount in controversy exceeds $75,000.00 and the parties are citizens of different countries.

### PARTIES AND SERVICE

2.  Plaintiff **KEVIN BOLDEN**, is an Individual who is a citizen of the United States and the State of Texas.

3.  Defendant **TRANSPORTES DE CARGA FEMA SA DE CV** ("FEMA") is a corporation organized and existing under the laws of Mexico, with a primary place of business located at **CARRETERA AEROPUERTO PIEDRAS-NEGRAS KM 0 440, NUEVO LAREDO, TA 88298.**

4.  Defendant may be served with process pursuant to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters by

serving a copy of this petition in duplicate, in both English and Spanish, to the Central Authority for Mexico:

>Ministry of Foreign Affairs
>Directorate-General of Legal Affairs
>Plaza Juárez No. 20, Planta Baja
>Edificio Tlatelolco
>Colonia Centro
>delegación Cuauhtémoc
>C.P. 06010
>Mexico, Distrito Federal

## VENUE

5. Venue is proper in this Court pursuant to U.S.C. §1391 (b)(3).

## FACTS

6. On September 26, 2017, Plaintiff was resting in the sleeping section of his commercial truck in a parking lot of a truck stop in Laredo, Webb County, Texas when John Doe, acting in the course and scope of his employment with Defendant, backed into Plaintiff's truck, causing a fan to fall on Plaintiff's face.

7. Plaintiff suffered optical and neurological damage as the result of the incident described in paragraph 6.

## NEGLIGENCE

8. As a result of the incident described herein, Plaintiff suffered serious injuries that required medical treatments. The treatment sought by Plaintiff was reasonable and necessary for the injuries he sustained. The impact of the collision was proximately caused by the negligence of Defendant and the injuries Plaintiff suffered were proximately caused by this collision.

9. Defendant is liable for the actions of John Doe under a theory of *respondeat superior*.

10. Defendant's employee had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

11. Plaintiff's injuries were proximately caused by Defendant's employee's negligent disregard of said duty.

12. The negligent, careless and reckless disregard of duty of Defendant's employe consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendant failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

   B. In that Defendant failed to keep such distance away from another motor vehicle as a person using ordinary prudent care would have done.

## DAMAGES FOR PLAINTIFF

13. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer bodily injuries, and to incur the following damages:

   A. Reasonable medical care and expenses in the past.

   B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering in the future;

   E. Physical impairment in the past;

   F. Physical impairment in the future;

   G. Physical disfigurement in the past;

   H. Physical disfigurement in the future; and

   I. Loss of Earning Capacity.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,



By: /S/ Michael Hindman
Michael Hindman
State Bar No. 24000267
mhindman@loncarassociates.com
424 S. Cesar Chavez Blvd.
Dallas, Texas 75201
Phone No.    (214) 747-0422
Fax No.       (214) 393-6565
**ATTORNEY FOR PLAINTIFF**